UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MIRANDA DAWN SMITH
*on behalf of the Estate of*
Alvis Ray Shrewsbury,

    Plaintiff,

v.   CIVIL ACTION NO.   5:23-cv-00210

WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION, and
AARON JOHNSON, *individually as an employee of the West Virginia Division of Corrections and Rehabilitation*, and
JOHAN RADOSEVICH, *individually as an employee of the West Virginia Division of Corrections and Rehabilitation*, and
ASHLEY TONEY, *individually as an employee of the West Virginia Division of Corrections and Rehabilitation*, and
NICHOLAS BURTON, *individually as an employee of the West Virginia Division of Corrections and Rehabilitation*, and
WEXFORD HEALTH SOURCES, INC., and
ASHLEY STROUP, *LPN, individually as an employee of Wexford Health Sources, Inc.*, and
BETH WAUGH, *LPN, individually as an employee of Wexford Health Sources, Inc.*, and
ERICA SIZEMORE, *LPN, individually as an employee of Wexford Health Sources, Inc.*, and
JOHN/JANE DOE WEXFORD EMPLOYESS, and
JOHN/JANE DOE CORRECTIONAL OFFICERS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff Miranda Smith's Motion to Show Cause and for Leave for Additional Time to Serve Process [Doc. 25], filed on August 1, 2023. The matter is ready for adjudication.

### I.

This action arises out of Ms. Smith's civil rights and wrongful death claims related to the death of her father, Alvis Ray Shrewsbury, while he was incarcerated at Southern Regional Jail ("SRJ") in Beaver, West Virginia. Since filing her Complaint on March 15, 2023, all but two defendants have been successfully served and/or have waived service. Specifically, Ms. Smith claims that despite diligent efforts, she has been unable to locate valid service of process addresses for Defendants Aaron Johnson and Johan Radosevich. Accordingly, Ms. Smith moves for additional time to serve each defendant and further seeks leave to serve both defendants via publication.

### II.

*Federal Rule of Civil Procedure* 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Good cause" requires a "showing of diligence on the part of the plaintiffs." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019); *Gelin v. Shuman*, 35 F.4th 212, 218 (4th Cir. 2022). "Consistent with

that foundational principle, good cause is commonly found to 'exist[] when the failure of service is due to external factors, such as the defendant's intentional evasion of service,' but 'significant periods of inactivity' and a 'fail[ure] to seek extension of time before [the] deadline [has] lapsed' tend to undercut any claim of good cause." *Gelin*, 35 F.4th at 218 (quoting *Attkisson*, 925 F.3d at 627); *see also* 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1137 (4th ed.) (explaining that in evaluating good cause under Rule 4(m), "courts have rejected excuses based on . . . ignorance of the rule, the absence of prejudice to the defendant, . . . inadvertence of counsel, or the expenditure of efforts that fall short of real diligence by the serving party").

In addition, *Federal Rule of Civil Procedure* 4(e) permits service on an individual by following the relevant "state law for service in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The *West Virginia Rules of Civil Procedure* permit constructive service by publication upon the filing of an affidavit that "the plaintiff has used due diligence to ascertain the residence or whereabouts of the defendant, without effect." W. Va. R. Civ. P. 4(e)(1)(C). "In this context, '[d]ue diligence means the exercise of a reasonable effort to locate a person's residence so that notice . . . may be provided.'" *Capitol Specialty Ins. Corp. v. Tayworsky LLC*, No. 2:16-CV-11340, 2017 WL 4532153, at *2 (S.D.W. Va. Oct. 10, 2017) (quoting *Cook v. Duncan*, 301 S.E.2d 837, 841 (W. Va. 1983)) (cleaned up).

### III.

Ms. Smith contends an extension of time will not prejudice any other Defendant "as over one year remains in the statute of limitations period" for her wrongful death action. [*Id.* ¶14]. She further states her intention "to continue efforts to locate" Mr. Johnson and Mr.

Radosevich and serve them via publication in accordance with federal and state law. [*Id.* ¶15].

The deadline to serve all Defendants was June 16, 2023. Ms. Smith submitted two affidavits in support of her claim that neither Mr. Radosevich nor Mr. Johnson could be located despite diligent efforts. Specifically, her process server, Steven Bostic, attests that on April 21, 2023, he attempted to effect personal service on Mr. Johnson and Mr. Radosevich at their believed place of employment, SRJ. [Doc. 25-1, Affidavit of Steven W. Bostic, ¶1]. He was informed that both defendants had left their employment and neither had provided a forwarding address. [*Id.* ¶2]. Mr. Bostic attests he was able to find an address for Mr. Radosevich in Cool Ridge, West Virginia, but upon locating the residence he was advised that Mr. Radosevich had moved to Newport News, Virginia. [*Id.* ¶3]. Counsel for Ms. Smith further attests that "no address of record can be found" for Mr. Radosevich in Newport News. [Doc. 26, Affidavit of Amanda J. Taylor, ¶5]. The extent to which additional searches have been made for Mr. Radosevich is unclear. As to Mr. Johnson, counsel attests that "[n]o address of record can be located" for him "despite searches for real property and personal property taxes, and other search mechanisms." [*Id.* ¶6]. Mr. Bostic's affidavit supports this testimony. [Doc. 25-1 ¶4].

It is unclear why Ms. Smith waited approximately six weeks to request an extension, and the Court discounts her assertion that an extension will not prejudice the other Defendants. However, Ms. Smith's delay was relatively brief, and counsel and her process server have exercised due diligence in their ongoing efforts to locate and serve Mr. Radosevich and Mr. Johnson. *See Gelin v. Shuman*, 35 F.4th 212, 218 (4th Cir. 2022) (plaintiffs failed to show good cause where efforts to serve defendants amounted to single search for addresses by the process server after discovering those defendants left their place of employment and plaintiffs waited 10

months before seeking an extension). Indeed, Ms. Smith successfully served all other Defendants before the June 16, 2023, deadline. Further, counsel and her process server appear to have utilized multiple search methods on several occasions to attempt to locate the unserved defendants. Thus, it seems more likely than not that external factors are to blame for Ms. Smith's failure to locate and serve Mr. Radosevich and Mr. Johnson.

### IV.

For the foregoing reasons, the Court **FINDS** Ms. Smith has shown good cause for an extension of the service deadline. The Court further **FINDS** Ms. Smith has used due diligence to locate the defendants to no avail, and thus service by publication is warranted. Accordingly, the Court **GRANTS** the Motion [**Doc. 25**] and **EXTENDS** the service deadline by an additional ninety (90) days. The Clerk is **ORDERED** to enter the proposed Orders of Publication against Mr. Radosevich [**Doc. 27**] and Mr. Johnson [**Doc. 28**]. Upon entry, Ms. Smith is further **ORDERED** to publish the Orders of Publication in accordance with West Virginia law.

It is noted, however, that the subject individuals' late appearance in the case could well be disruptive to the schedule, given the necessity of then perhaps serving them to assure disposition on the merits. Counsel is thus directed to provide monthly status reports respecting the continuing efforts being made for actual service. The first monthly report is due September 1, 2023, with succeeding reports due the first day of each month thereafter.

The Clerk is **DIRECTED** to transmit a copy of this written opinion and order to all counsel of record and to any unrepresented party.

ENTER:  August 9, 2023

Frank W. Volk
United States District Judge