IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MIRANDA DAWN SMITH, on behalf of
the ESTATE OF ALVIS RAY
SHREWSBURY,**

    **Plaintiff,**

v.

**WEST VIRGINIA DIVISION OF
CORRECTIONS AND
REHABILITATION, et al.,**

    **Defendants.**

**Civil Action No. 5:23-cv-00210
Honorable Frank W. Volk**

**MEMORANDUM OF LAW IN SUPPORT OF WVDCR
DEFENDANTS' RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT**

    **COMES NOW** Defendants West Virginia Division of Corrections and Rehabilitation, Aaron Johnson, Johan Radosevich, Ashley Toney and Nicholas Burton (collectively "WVDCR Defendants"), by their counsel, the law firm of BAILEY & WYANT, P.L.L.C., William E. Murray, John P. Fuller and Jaden P. Rhea, and in support of their Motion for Partial Summary Judgment filed contemporaneously herewith shows this Court the following:

**I.**    **Procedural and Factual History**

    Plaintiff commenced this action by causing their Complaint to be filed before this Court on March 15, 2023. *See* ECF No. 1. In the Complaint, the Plaintiff alleges various causes of action against the many Defendants. With regard to the WVDCR Defendants, the Plaintiff allege the following claims: Count I for Eighth Amendment Violations Under 42 U.S.C. § 1983; Count II for Conspiracy to Commit Fourteenth Amendment Violations Under 42 U.S.C. § 1983; Count III for Failure to Intervene/Bystander Liability Under 42 U.S. § 1983; Count IV for Negligence; Count VI for Gross Negligence; Count VII for Intentional Infliction of Emotional Distress/Tort of Outrage;

Count VIII for Common Law Civil Conspiracy; Count IX for Negligent Hiring; Count X for Negligent Supervision and Training; and Count IX for Negligent Retention. *Id.* In Counts I, II, III, IV, VI, VIII, IX, X, and XI the Plaintiff asserts that it is bringing claims pursuant to the W.Va. Code § 55-7-6, essentially seeking to recover for the alleged wrongful death of Alvis Shrewsbury. *Id.*

Following Mr. Shrewsbury's death on September 17, 2022, the Office of the Chief Medical Examiner of the State of West Virginia performed an autopsy and produced a Report of Death Investigation and Post-Mortem Examination Findings. *See Report of Death Investigation and Post-Mortem Examination Findings, Case No. WV-2002-6566 attached hereto as* **Exhibit A**. In the Report, Dr. Paul F. Mellen, MD, DMJ, FCAP, FRCPI, Anatomic, Clinical & Forensic Pathology, rendered the following opinions:

> **Opinion:** It is my opinion that Mr. Alvis Shrewsbury, a 45-year-old white man, died as a result of acute and chronic upper gastrointestinal bleeding. Contributory factors: Cardiomegaly.
>
> **MANNER OF DEATH:** The circumstances surrounding the death, as determined by the death investigation, postmortem examination, indicate the manner of death is best certified as Natural.

*Id. at 6.* Clearly, Dr. Mellen found Mr. Shrewsbury's death to be a direct, and natural, result of the upper gastrointestinal bleed.

In addition to the autopsy performed by the State of West Virginia, a second autopsy was performed by Third Eye Forensic Consultancy, LLC (hereinafter "Third Eye"). The second autopsy was conducted on October 1, 2022, and a Final Autopsy Report followed. *See Third Eye Forensic Consultancy, LLC Final Autopsy Report attached hereto as* **Exhibit B**. Following the second Autopsy, Third Eye provided the following Death Summary:

> Mr. Shrewsbury died as a result of complications of hypertensive and atherosclerotic disease. In this regard, the heart was enlarged (cardiomegaly), the left ventricular free wall was thickened (concentric hypertrophy) and there was significant, calcified atherosclerotic occlusion of the left coronary artery. The right coronary ostium was

    anomalous and congenitally narrow. Anomalous coronary artery syndrome is a well-known risk for sudden unexpected death in the forensic literature. No fatal blunt force injuries were identified at autopsy and no evidence of fatal internal bleeding was present. The immediate cause of death was an acute myocardial infarct (heart attack) due to the above conditions.

See **Exhibit B** at 1–2.

    The Third Eye autopsy was performed by Dr. Rockefeller F. Cooper, M.D. On October 23, 2023, Dr. Cooper was deposed in the instant matter. During deposition, Dr. Cooper offered the following opinion:

> Q.    Sure. Did you find any evidence in your autopsy that Mr. Shrewsbury's death was a result of trauma as opposed to natural?
>
> A.    No, at that time, no, I did not stumble upon any sign of trauma.
>
> Q.    Okay. And then the last sentence, you have, "Immediate cause of death was an acute myocardial infarct heart attack due to these blood conditions," correct?
>
> A.    Yes.
>
> Q.    So, it's your opinion that Mr. Shrewsbury died of a heart attack?
>
> A.    Yes, its fair to say so.

*See Deposition of Dr. Cooper, at 26, lines 3-15, attached hereto as* **Exhibit C**. After offering an opinion as to the cause of Mr. Shrewsbury's death, Dr. Cooper conceded that he had no opinion as to the cause of Mr. Shrewsbury's heart attack:

> Q.    Okay, fair enough. So, as we sit here today, it's you opinion that he died of a heart attack, but you don't know what caused the heart attack?
>
> A.    Correct, I don't know what basically what spiked the heart attack.

*Id. at 28, lines 7-12.* Accordingly, neither the autopsy performed by the State of West Virginia or the autopsy by Third Eye made a finding that Mr. Shrewsbury died as a result of any blunt force trauma. Additionally, neither attributed his death to acts, or any inaction, of the WVDCR Defendants.

On November 13, 2023, Plaintiff, pursuant to the Court's Scheduling Order, made its Rule 26(a)(2) disclosure of expert witnesses. Plaintiff's disclosure only identified Paul Adee, an alleged expert in Police Practices, Security & Corrections. Plaintiff's disclosure was devoid of any alleged expert to offer medical opinions regarding the death of Mr. Shrewsbury or to link the alleged death of Mr. Shrewsbury to any alleged action, or failure to act, by the WVDCR Defendants. Based up the Plaintiff's initial Rule 26(a)(2) disclosure, these Defendants moved for partial summary judgment on November 21, 2023. *See* ECF No. 124. On December 5, 2023, Plaintiff filed its Response to these Defendants' Motion for Partial Summary Judgment. *See* ECF No. 146. In the same, the Plaintiff attached an Affidavit from Mr. New stating that the following depositions needed to be completed before the Defendants' motion would be ripe; Aiden Jarrell, Jonah Radosevich, Ryan Walls, Jared Williams, Staci Perry and Tiffany Mullins. These depositions, with the exception of Ryan Walls, have been completed.

Additionally, pursuant to the Amended Scheduling Order, the Plaintiff filed its Amended Rule 26(a)(2) disclosures. *See* ECF No. 207. The Amended Rule 26(a)(2) disclosure again discloses the opinions of Paul Adee, which he again offers no medical opinions, and the opinions of two additional witnesses offered as experts Rebekah D. Price, DNP, MSN, APRN, FNP-C and Edna Wong Mckinstry, MD, FACP. Neither Ms. Price nor Dr. Mckinstry offer any opinions linking Mr. Shrewsbury's death to any action, or inaction, of these WVDCR Defendants. <u>*See Opinions of Ms. Price and Dr. Mckinstry attached hereto as* **Exhibits D and E.**</u>

II.     **Standard of Review**

Summary judgment is governed by Rule 56 of the *Federal Rules of Civil Procedure*, which provides, in pertinent part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

> the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c). Moreover, the rule also provides, in relevant part, as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(c). In discussing this standard, the U.S. Supreme Court stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting *Fed. R. Civ. P. 56(c)*).

"In assessing a motion for summary judgment all justifiable inferences must be drawn in favor of the nonmoving party for 'credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts.'" *Drewitt v. Pratt*, 999 F.2d 774, 778 (4th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). Hence, "the court 'must perform a dual inquiry into the genuineness and materiality of any purported factual issues.'" *Drewitt*, 999 F.2d at 778 (quoting *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985)).

The substantive law identifies facts that are material. Consequently, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

5

summary judgement. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. "Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice." *Ross*, 759 F.2d at 364. Therefore, in reviewing the evidence, a judge must determine "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S at 252. If no genuine issue of material fact exists, the Court has an obligation "to prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 323-24).

Finally, when a party's "state of mind" is a decisive element of a claim or defense, summary judgment is seldom appropriate because "state of mind" determinations usually depend on the credibility of witnesses, or the resolution of conflicting inferences drawn from circumstantial or self-serving evidence. *Thacker v. Peak*, 800 F. Supp. 372, 376 (S.D.W. Va. 1992) (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979) and *Ross*, 759 F.2d at 364)). Nevertheless, even if motive is material, summary judgment is not precluded if the claim rests solely on unsupported allegations. *Id*. (citing *Ross*, 759 F.2d at 365). "Summary judgment is proper where the pleadings, depositions, and affidavits in the record show that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Kitchen v. Summers Continuous Care Center, LLC*, 552 F.Supp.2d 589, 592 (S.D.W. Va. 2008) (quoting *Fed.R.Civ.P. 56(c)*). "The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 322-323 (1986). "When determining whether there is an issue for trial, the Court

must view all evidence in the light most favorable to the non-moving party." *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123 (4th Cir.1990). "The nonmoving party nonetheless must offer some 'concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]'" *Piedmont Behavioral Health Ctr., LLC v. Stewart*, 413 F.Supp.2d 746, 751 (S.D.W. Va. 2006) (Goodwin, J.) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

**III.    Argument**

    **A.    The WVDCR Defendants are entitled to Summary Judgment with regard to all claims alleging that any action, or inaction, of the WVDCR Defendants caused or contributed to the death of Shrewsbury, or seeking recovery under the WV Wrongful Death Statute because the Plaintiff cannot produce any competent testimony linking such alleged action, or inaction, to the death of Mr. Shrewsbury.**

It is solely the Plaintiff's burden to present evidence linking the alleged actions, or failures to act, of the WVDCR Defendants to the cause of Mr. Shrewsbury's death to prevail on any claim seeking damages as a result of Mr. Shrewsbury's death. As the deadline to disclose an expert qualified to offer testimony asserting that Mr. Shrewsbury's death was caused by the alleged actions, or in actions, of the WVDCR Defendants has past and no such disclosure was made, the Plaintiff will be unable to offer any evidence to a jury that would permit them to make a finding that Mr. Shrewsbury's upper GI bleed/heart attack was attributable to the WVDCR Defendants.

Plaintiff is seeking to recover pursuant to W.Va. Code § 55-7-5, which provides that:

> Whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to murder in the first or

7

second degree, or manslaughter. No action, however, shall be maintained by the personal representative of one who, not an infant, after injury, has compromised for such injury and accepted satisfaction therefor previous to his death. Any right of action which may hereafter accrue by reason of such injury done to the person of another shall survive the death of the wrongdoer, and may be enforced against the executor or administrator, either by reviving against such personal representative a suit which may have been brought against the wrongdoer himself in his lifetime, or by bringing an original suit against his personal representative after his death, whether or not the death of the wrongdoer occurred before or after the death of the injured party.

In short, the Plaintiff is seeking a recovery on the theory that the alleged actions, or inactions, of the WVDCR Defendants *caused* the death of Mr. Shrewsbury. To prevail in such a claim, the Plaintiff will be required to prove causation. More specifically, to recover for claims alleging that actions, or inactions, of the WVDCR were the proximate cause of Mr. Shrewsbury's death.

This Court has declared that "[t]he burden is on the plaintiff to prove by a preponderance of the evidence that the defendant was negligent and that such negligence was the proximate cause of the injury" ... " 'The proximate cause of an injury is the last negligent act contributing to the injury and without which the injury would not have occurred.' ...." In other words, " 'Proximate cause' must be understood to be that cause which in actual sequence, unbroken by any independent cause, produced the wrong complained of, without which the wrong would not have occurred." *Beckman v. 3M Co. (In re Asbestos Pers. Injury Litig.)*, 2013 W.V. Cir. LEXIS 5727, *7 (*quoting Spencer v. McClure*, 217 W.Va. 442, 618 S.E.2d 451 (2005)).

The cause of an injury in contemplation of law is that which immediately produces it as its natural consequence; and, therefore, if a party be guilty of a default or act of negligence which would naturally produce an injury to another, but, before such injury actually results, a third person does some act which is the immediate cause of the injury, such third person is alone responsible for the injury. Likewise, there is a clear distinction between the proximate cause of an injury and the condition or occasion of the injury. *Webb v. Sessler*, 135 W. Va. 341, 342, 63 S.E.2d 65, 65 (1950).

Both the autopsy by the State of West Virginia and the autopsy by Third Eye fail to link the alleged assault/battery of Mr. Shrewsbury to his death. Additionally, Dr. Cooper's testimony clearly demonstrate that he cannot link the two events either. There is no expert opinion in the record opining that any action, or inaction, by the WVDCR Defendant's caused, or contributed, to Mr. Shrewsbury's death. As the expert disclosure date has now passed, the Plaintiff will have no qualified expert testify at trial with an opinion that links Mr. Shrewsbury's death to any alleged action, or inaction, of the WVDCR Defendants.

> **B.     Plaintiff has failed to present any evidence to rebut the statutory presumption that the Certificate of Death is *prima facie* evidence of Mr. Shrewsbury's cause of death.**

As stated above, both the autopsy performed by the State of West Virginia and the autopsy performed by Third Eye fail to link the alleged assault/battery of Mr. Shrewsbury to his death. Plaintiff has not refuted this evidence. However, pursuant to W. Va. Code § 16–5–19(a), a death certificate is required to be completed and filed with the State Registrar of Vital Statistics for all persons who die within the State. In addition, W. Va. Code § 16–5–19(c)(2) requires the "person completing the cause of death shall attest to its accuracy . . . ." Here, the Certificate of Death was signed by Medical Examiner Paul Mellen, M.D. *See Certificate of Death attached hereto as* **Exhibit F**. In accordance with West Virginia law, "[a] certified copy of a vital record issued in accordance with this section shall be considered for all purposes the same as the original, and shall be prima facie evidence of the facts stated in the record . . . ." W. Va. Code § 16–5–28(d). *See also Goldizen v. Grant County Nursing Home*, 693 S.E.2d 346, 349 (W. Va. 2010). Thus, the medical examiner has attested to the accuracy of his report stating that Mr. Shrewsbury died as a result of an acute and chronic upper gastrointestinal bleeding and that the final manner of death was "natural." **Exhibit F**.

Plaintiff has absolutely no evidence to overcome this statutory presumption because she had

9

failed to notice a medical expert to refute this cause of death. There is absolutely no evidence to show that Mr. Shrewsbury died as a result of any the alleged actions or inactions of the WVDCR Defendants. Plaintiff simply cannot overcome this statutory presumption. Both the Medical Examiner and the Third Eye autopsies are clear and each specifically found there were no significant traumatic injuries. The Medical Examiner's report clearly states there was "no sign of violence" and the Third Eye autopsy states "[n]o fatal blunt for injuries were identified at autopsy." ***Exhibit A at 6; Exhibit B* at 1**. Plaintiff cannot overcome the presumption established under West Virginia law because they have no evidence to the contrary. As a result, these Defendants move for summary judgment for all claims based on Plaintiff's alleged wrongful death claim because Mr. Shrewsbury died of natural causes.

**IV.   Conclusion**

Based upon the foregoing, it is clear that Plaintiff will have no qualified expert at trial to offer an opinion that Mr. Shrewsbury's death was proximately caused by any alleged action, or inaction, of the WVDCR Defendants. Therefore, it is proper for this Court to enter an Order granting summary judgment with regard to any claim based upon the alleged wrongful death of Mr. Shrewsbury.

**WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION, AARON JOHNSON, JOHAN RADOSEVICH ASHLEY TONEY and NICHOLAS BURTON, By Counsel,**

*/s/ Jaden P. Rhea*
**William E. Murray, Esq. (WVSB #2693)**
**John P. Fuller, Esq. (WVSB #9116)**
**Jaden P. Rhea, Esq. (WVSB #13454)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T:  (304) 345-4222**
**F:  (304) 343-3133**
**wmurray@baileywyant.com**
**jfuller@baileywyant.com**
**jrhea@baileywyant.com**

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

**MIRANDA DAWN SMITH, on behalf of
the ESTATE OF ALVIS RAY
SHREWSBURY,**
    Plaintiff,

v.                                           Civil Action No. 5:23-cv-00210
                                             Honorable Frank W. Volk

**WEST VIRGINIA DIVISION OF
CORRECTIONS AND
REHABILITATION, et al.,**
    Defendants.

## CERTIFICATE OF SERVICE

I, the undersigned, counsel for Defendants West Virginia Division of Corrections and Rehabilitation, Aaron Johnson, Johan Radosevich, Ashley Toney and Nicholas Burton, do hereby certify that on this 8th day of February 2024, I electronically filed the foregoing ***"Memorandum of Law in Support of WVDCR Defendants' Renewed Motion for Partial Summary Judgment"*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Stephen P. New, Esq.
New Taylor & Associates
430 Harper Park Drive
Beckley, West Virginia 25801
*Counsel for Plaintiff*

Zachary Whitten, Esq.
Whitten Law Office
P.O. Box 753
Pineville, West Virginia 24874
*Counsel for Plaintiff*

Robert Dunlap, Esq.
Robert Dunlap & Associates
Suite A
345 Prince Street
Beckley, West Virginia 25801

*Counsel for Plaintiff*

Timothy P. Lupardus, Esq.
Lupardus Law Office
P.O. Box 1680
Pineville, WV 24874–1680
*Counsel for Plaintiff*

Jordan K. Herrick, Esq.
Adam K. Strider, Esq.
BAILEY & WYANT PLLC
500 Virginia Street East, Suite 600
P.O. Box 3710
Charleston, West Virginia 25337-3710
*Counsel for Ashley Stroup, Erica Sizemore, Beth Waugh, and Wexford Health Sources, Inc*

   **/s/ *Jaden P. Rhea***
**William E. Murray, Esq. (WVSB #2693)**
**John P. Fuller, Esq. (WVSB #9116)**
**Jaden P. Rhea, Esq. (WVSB #13454)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T:  (304) 345-4222**
**F:  (304) 343-3133**
**wmurray@baileywyant.com**
**jfuller@baileywyant.com**
**jrhea@baileywyant.com**