UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MIRANDA DAWN SMITH
*on behalf of the Estate of*
Alvis Ray Shrewsbury,

      Plaintiff,

v.                                                                                          CIVIL ACTION NO.  5:23-cv-00210

WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION, and
AARON JOHNSON, *individually as an employee
of the West Virginia Division of Corrections
and Rehabilitation*, and
JOHAN RADOSEVICH, *individually as an employee
of the West Virginia Division of Corrections
and Rehabilitation*, and
WEXFORD HEALTH SOURCES, INC., and
JOHN/JANE DOE WEXFORD EMPLOYESS, and
JOHN/JANE DOE CORRECTIONAL OFFICERS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's Motion to File Petition for Approval of Wrongful Death Settlement and Accompanying Exhibits under Seal. [ECF 391].

**I.**

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dep't. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Our Court of Appeals has made clear that "[p]ublicity of such records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case." *Columbus-America Discovery Group v. Atlantic Mut. Ins.*

*Co.*, 203 F.3d 291, 303 (4th Cir. 2000). Indeed, "[i]t is hardly possible to come to a reasonable conclusion on that score without knowing the facts of the case." *Id.*

Regarding the common law, "while a district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests,' the 'presumption' in such cases favors public access." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publishing Company*, 743 F.2d 231, 235 (4th Cir. 1984)). "In contrast to the common law, 'the First Amendment guarantee of access has been extended only to particular judicial records and documents.'" *Virginia Dep't. of State Police*, 386 F.3d at 575 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.* (*Stone I*), 855 F.2d 178, 180 (4th Cir. 1988)). "When the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Id.*

Importantly, "[r]egardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances.'" *Id.* at 576 (quoting *Stone I*, 855 F.2d 178, 182 (4th Cir. 1988)). In determining whether to seal documents, "the court should consider less restrictive 'alternatives to sealing [that] provide an adequate record for review' and should 'state the reasons for its decision [with] specific findings.'" *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) (quoting *Knight*, 743 F.2d at 235).

## II.

Plaintiff moves to seal the entirety of her Petition and accompanying exhibits, claiming the settlement is "confidential" and the exhibits "contain personal identifying information." [ECF 392 at 1]. This Court has previously stated that "[t]here appears no present justification for sealing the amount of the proposed settlement, especially inasmuch as the Court is required to pass

2

upon the fairness of that proposed amount under the governing statute and the public is entitled to know the amount and the substance of the adjudication required." [ECF 387 at 1–2]. Plaintiff provides no justification in either her motion to seal or accompanying memorandum for the Court to seal the amount of the proposed settlement beyond merely describing the settlement as confidential. The personal identifiers, however, are subject to redaction.

### III.

Accordingly, the Court **ORDERS** that Plaintiff's motion [ECF 391] is **GRANTED** to the extent that all personal identifiers may be shielded from inspection. Plaintiff must submit a redacted version of the subject documents no later December 26, 2024. Plaintiff's Motion is denied as to its residue [ECF 391].

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and any unrepresented parties.

ENTER:    December 16, 2024

*Frank W. Volk*
Frank W. Volk
Chief United States District Judge

2