UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MIRANDA DAWN SMITH
*on behalf of the Estate of*
Alvis Ray Shrewsbury,

      Plaintiff,

v.                                      CIVIL ACTION NO.  5:23-cv-00210

WEST VIRGINIA DIVISION OF
CORRECTIONS AND REHABILITATION, and
AARON JOHNSON, *individually as an employee
of the West Virginia Division of Corrections
and Rehabilitation*, and
JOHAN RADOSEVICH, *individually as an employee
of the West Virginia Division of Corrections
and Rehabilitation*, and
WEXFORD HEALTH SOURCES, INC., and
JOHN/JANE DOE WEXFORD EMPLOYESS, and
JOHN/JANE DOE CORRECTIONAL OFFICERS,

      Defendants.

## ORDER

Pending is Defendant Wexford Health Sources, Inc. ("Wexford")'s Motion to Seal Settlement Amount. [ECF 394], filed on December 17, 2024.

According to Local Rule of Civil Procedure 26.4(c)(2), a motion to seal must be accompanied by a memorandum of law which contains:

> (A) the reasons why sealing is necessary, including the reasons why alternative to sealing, such as redaction, are inadequate;
>
> (B) the requested duration of the proposed seal; and
>
> (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

*L.R. Civ. P.* 26.4(c)(2). Public inspection of court documents "is necessary to allow interested parties to judge the court's work product in the cases assigned to it," and the court will only seal documents when "exceptional circumstances" are present. *Id.* 26.4(c)(1); *Virginia Dep't. of State Police*, 386 F.3d at 576 (quoting *Stone I*, 855 F.2d 178, 182 (4th Cir. 1988)) (stating that "[r]egardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances'").

Here, Defendant Wexford moves to seal only the settlement amounts in Plaintiff's Petition. [ECF 395 at 4]. However, Defendant Wexford's memorandum of law fails to satisfy the requirements of the Court's local rules. Its only justification for sealing the exhibits is that "[p]art of the settlement terms for which it bargained was that the settlement amount remains confidential." [*Id.*]. Inasmuch as there is presently intense public interest in the West Virginia correctional system, the necessary showing is especially important.

Accordingly, the Court **ORDERS** that Defendant Wexford's motion [ECF 394] is **DENIED WITHOUT PREJUDICE** for failure to presently make the required showing.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and any unrepresented parties.

ENTER:    January 14, 2025

Frank W. Volk
Chief United States District Judge

2